SUMMARY ORDER
Plaintiff-appellant Carl B. Straker challenges a March 26, 2008 judgment of the District Court granting the motion for summary judgment of defendant-appellee the New York City Transit Authority (“NYCTA”) and granting the motion to dismiss of defendant-appellee Transport Workers Union of Greater New York, Local 100 (the “Union”). Plaintiffs suit alleges employment discrimination against NYCTA, his former employer, and breach of a duty of fair representation in violation of New York state law by the Union after plaintiff was fired from his position as a train car operator for failure to comply with NYCTA’s drug testing policy. On appeal, plaintiff argues that the District Court erred in dismissing his claims against NYCTA under 42 U.S.C. § 1985(3) and in granting summary judgment to NYCTA and dismissing his claim under 42 U.S.C. § 1983. Plaintiff also contends that the District Court erred in declining to exercise supplemental jurisdiction over his state law claim against the Union for breach of the duty of fair representation.[1] We assume the parties’ familiarity with the facts and procedural history of the case.
 Each of plaintiff’s claims on appeal is without merit. First, as the District Court observed in one of several or *677 ders in this case, plaintiff did not make out a prima facie claim under 42 U.S.C. § 1985(3) because he failed to allege a conspiracy to deprive him of his civil rights. See Straker v. Metro. Transit Auth., No. 03-CV-1756, 2005 WL 3287445, at *3 (E.D.N.Y. Dec. 5, 2005); see also Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir.1978) (holding that “there is no conspiracy [under § 1985(3) ] if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment”). Second, we agree with the District Court that plaintiff has not made out a prima facie case for employment discrimination under 42 U.S.C. § 1983, see Sorlucco v. New York City Police Dep’t, 888 F.2d 4, 6 (2d Cir.1989) (holding that “[i]n a claim arising under Title VII or [§ ] 1983, a plaintiff ... has the initial burden of establishing a prima facie case of discrimination”), because he failed to demonstrate that he was fired under circumstances giving rise to an inference of discrimination, see Straker v. Metro. Transit Auth., No. 03-cv-1756, 2008 WL 788643, at *5 (E.D.N.Y. March 20, 2008); see also Chertkova v. Conn. Gen. Life Ins. Co., 92 F.3d 81, 91 (2d Cir.1996) (“[I]n presenting a prima facie case of discriminatory discharge the plaintiff must present proof that [his] discharge occurred in circumstances giving rise to an inference of discrimination on the basis of [his] membership in that class”).
Finally, the District Court acted well within its discretion in declining to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c), over plaintiffs state law breach of the duty of fair representation claim after it had dismissed each of plaintiffs claims under federal law. See Straker, 2008 WL 788643, at *6; see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (“[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims”); N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc., 497 F.3d 109, 119 (2d Cir.2007) (“In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.” (internal quotation marks omitted)). Plaintiffs assertions that “the Union engaged in bad faith,” Appellant’s Br. 30, and that he “is entitled to a grant of summary judgment as a matter of law,” id. at 38, are not relevant to the question whether the District Court abused its discretion in declining to exercise supplemental jurisdiction. We intimate no views on the merits of plaintiffs state law claims.
For reasons stated above, the March 26, 2008 judgment of the District Court is AFFIRMED.

. Plaintiff initially brought his duty of fair representation claim under the Labor Management Relations Act ("LMRA”). See 29 U.S.C. § 185. The District Court held that it lacked jurisdiction to consider plaintiff's claim under federal law, see Straker v. Metro. Transit Auth., 333 F.Supp.2d 91, 104 (E.D.N.Y.2004) ("The LMRA ... does not vest federal district courts with subject matter jurisdiction over claims by public employees against their unions for breach of the duty of fair representation.”), but reasoned that plaintiff had pleaded a claim under the New York Public Employees' Fair Employment Act, Civ. Serv. Law § 209-a(2), see id. Plaintiff has not challenged this holding on appeal.